IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WALTER MURRAY ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | FILE NO._____ |
| ) | |
| v. ) | |
| ) | COMPLAINT – CLASS ACTION |
| WELTMAN, WEINBERG & REIS CO., L.P.A., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**NATURE OF ACTION**

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, with individual claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

**PARTIES**

4. Plaintiff, Walter Murray ("Plaintiff"), is a natural person who at all relevant times resided in the State of Georgia, County of Effingham, and City of Gayton.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Defendant Weltman, Weinberg & Reis Co., L.P.A. ("Defendant"), is a foreign business corporation, formed under the laws of Ohio, with its principal place of business situated at 323 West Lakeside Avenue, Suite 200, Cleveland, Ohio 44113.

7. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

8. Defendant is a corporation which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

13. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. In connection with collection of an alleged debt in default, Defendant called Plaintiff's cellular telephone on October 17, 2011 at 5:25 P.M., and at such time, Defendant left the following voicemail message:

> This message is for Walter Murray. This is Rosa from Weltman, Weinberg & Reis. Please return the call at 877-207-3099 extension 5033. The number again is 877-207-3099 extension 5033."

15. In its voicemail message of October 17, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

16. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of October 17, 2011.

17. In connection with collection of an alleged debt in default, Defendant called Plaintiff's cellular telephone on October 28, 2011 at 8:36 A.M., and such time, Defendant left the following voicemail message:

> This message is for Walter Murray. This is Rosa from Weltman, Weinberg & Reis. Please return the call at 877-207-3099 extension 5033. The number again is 877-207-3099 extension 5033.

18. In its voicemail message of October 28, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

19. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of October 28, 2011.

20. In connection with collection of an alleged debt in default, Defendant called Plaintiff's cellular telephone on November 9, 2011 at 9:56 A.M., and such time, Defendant left the following voicemail message:

> This message is for Walter Murray. Mr. Murray, this is Feliz calling from Weltman, Weinberg & Reis. Please return the call at 877-207-3099 extension 5785. That number once again sir, is 877-207-3099 extension 5785. Thank you.

21. In its voicemail message of November 9, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

22. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of November 9, 2011.

23. In connection with collection of an alleged debt in default, Defendant called Plaintiff's cellular telephone on November 25, 2011 at 4:18 P.M., and at such time, Defendant left the following voicemail message:

> This message is for Walter Murray. Mr. Murray this is Feliz calling from Weltman, Weinberg & Reis. Please return the call, sir, to 877-207-3099 extension 5785. That number again is 877-207-3099 extension 5785. Thank you.

24. In its voicemail message of November 25, 2011, Defendant failed to notify Plaintiff that the communication was from a debt collector.

25. In failing to disclose that Defendant is a debt collector, Defendant failed to meaningfully disclose its identity in its voicemail message of November 25, 2011.

26. Defendant, as a matter of pattern and practice, leaves voice messages/voice recordings with and/or for alleged consumer debtors that are substantially similar or materially identical to voice messages/voice recordings left with and/or for Plaintiff on October 17, 2011, October 28, 2011, November 9, 2011, and November 25, 2011, in that such communications fails to disclose that they are from a debt collector and/or fail to provide meaningful disclosure of the caller's identity.

27. As a nonexclusive example, on or about the dates and times indicated, Defendant left the following voice messages/voice recordings with and/or for alleged consumer debtors:

    a. October 18, 2011, at 5:58 PM:

> This message is for Timothy Messer. Please call Bob back at Weltman, Weinberg & Reis. You can reach us at 800-334-0257.

b. November 4, 2011, at 3:05 PM:

This message is for Timothy Messer. Please call Bob back at Weltman, Weinberg & Reis. You can reach me at 800-334-0257.

c. November 10, 2011, at 3:39 PM:

This message is for Timothy Messer. Uh, Timothy, please call Bob back at Weltman, Weinberg & Reis. You can reach me at 800-334-0257.

d. November 14, 2011, at 5:18 PM:

This message is for Timothy Messer. Timothy, please call Bob back at Weltman, Weinberg & Reis. You can reach me at 800-334-0257.

e. November 19, 2011, at 9:30 AM:

This message is for Timothy, uh, Messer. Please call Bob back at Weltman, Weinberg & Reis. You can reach me at 800-334-0257.

f. December 3, 2011, at 10:09 AM:

This message is for Timothy Messer. Please call Bob back at Weltman, Weinberg & Reis. You can reach me at 800-334-0257.

g. May 16, 2011, at 3:56 PM:

Weinberg & Reis with a very important message for Sherry Wellington. Upon receipt of this message, please contact Weltman, Weinberg & Reis at 1-877-207-3099. If you believe you received this call in error, please contact Weltman, Weinberg & Reis at 1-877-207-3099. Thank you.

h. May 18, 2011, at 3:56 PM:

Weinberg & Reis with a very important message for Sherry Wellington. Upon receipt of this message, please contact Weltman, Weinberg & Reis at 1-877-207-3099. If you believe you received this call in error, please contact Weltman, Weinberg & Reis at 1-877-207-3099. Thank you.

i. May 20, 2011:

   Weinberg & Reis with a very important message for Sherry Wellington. Upon receipt of this message, please contact Weltman, Weinberg & Reis at 1-877-207-3099. If you believe you received this call in error, please contact Weltman, Weinberg & Reis at 1-877-207-3099. Thank you.

 j. May 21, 2011:

   Weinberg & Reis with a very important message for Sherry Wellington. Upon receipt of this message, please contact Weltman, Weinberg & Reis at 1-877-207-3099. If you believe you received this call in error, please contact Weltman, Weinberg & Reis at 1-877-207-3099. Thank you.

 k. May 24, 2011, at 4:31 PM:

   Weinberg & Reis with a very important message for Sherry Wellington. Upon receipt of this message, please contact Weltman, Weinberg & Reis at 1-877-207-3099. If you believe you received this call in error, please contact Weltman, Weinberg & Reis at 1-877-207-3099. Thank you.

 l. May 28, 2011 at 2:02 PM:

   Weinberg & Reis with a very important message for Sherry Wellington. Upon receipt of this message, please contact Weltman, Weinberg & Reis at 1-877-207-3099. If you believe you received this call in error, please contact Weltman, Weinberg & Reis at 1-877-207-3099. Thank you.

 m. May 31, 2011, at 5:17 PM:

   Weinberg & Reis with a very important message for Sherry Wellington. Upon receipt of this message, please contact Weltman, Weinberg & Reis at 1-877-207-3099. If you believe you received this call in error, please contact Weltman, Weinberg & Reis at 1-877-207-3099. Thank you.

  28. Defendant willingly and knowingly placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice, including, but not limited to, the calls placed on October 17, 2011, October 28, 2011, November 9, 2011, and November 25, 2011.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All persons located in Georgia who, within one year before the date of this complaint, received a voice message/voice recording from Defendant in connection with an attempt to collect any consumer debt, where the voice message/voice recording failed to disclose that such communication was from a debt collector and/or failed to provide meaningful disclosure of the caller's identity.

30. The proposed class specifically excludes The United States of America, the State of Georgia, counsel for the parties, the presiding United States District Court Judge, the Judges of The United States Court of Appeals for the Eleventh Circuit and the Justices of The United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

31. The class is averred to be so numerous that joinder of members is impracticable.

32. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

33. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

34. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et. seq.*, (c) The availability of statutory penalties; and (d) attorneys' fees and costs.

35. The claims of Plaintiff are typical of those of the class Plaintiff seeks to represent.

36. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

37. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

38. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

39. Plaintiff is willing and prepared to serve this Court and proposed class.

40. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

41. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

42. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

43. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would

necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

45. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

46. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692d(6)

47. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 46.

48. 15 U.S.C. § 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *   *   *

> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6).

49.    Defendant violated 15 U.S.C. § 1692d(6) by failing to provide meaningful disclosure of its identity when placing telephone calls to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

c) Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member;

d) Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including Counsel fees and expert fees;

e) Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT § 1692e(11)

50.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 46.

51.    15 U.S.C. § 1692e(11) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

>debt. Without limiting the general application of the foregoing, the following Conduct is a violation of this section:
>
>\*     \*     \*
>
>(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

52. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose during communications with Plaintiff that the communications were from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

c) Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member;

d) Awarding Plaintiff, and all those similarly situated, reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

e) Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III: VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

53. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 46.

54. In his individual capacity Plaintiff brings this Count III on behalf of only himself.

55. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

56. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

57.     Plaintiffs are entitled to and hereby demand a trial by jury.

This 4th day of April, 2012.

                                         ATTORNEYS FOR PLAINTIFF
                                         WALTER & DEANNA MURRAY

                                         Respectfully submitted,

                                         <u>/s/ Dennis R. Kurz</u>
                                         Dennis R. Kurz
                                         Georgia Bar No. 430489
                                         WEISBERG & MEYERS, LLC
                                         5025 N. Central Ave. #602
                                         Phoenix, AZ 85012
                                         (888) 595-9111 ext. 412
                                         (866) 842-3303 (fax)
                                         dkurz@attorneysforconsumers.com